ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2025-Jul-31 15:55:38
60CV-25-8795
C06D14 : 15 Pages

# IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

LOIS PITTMAN             PLAINTIFF

V.

ROCK REGION METROPOLITAN TRANSIT AUTHORITY;
JUSTIN AVERY,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;
BECCA GREEN,
IN HER INDIVIDUAL AND OFFICIAL CAPACITY;
GWEN ARMBRUST,
IN HER INDIVIDUAL AND OFFICIAL CAPACITY;
STEPHEN SMITH,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY      DEFENDANTS

## COMPLAINT

Comes now the Plaintiff, Lois Pittman, by and through her attorneys, Jacobi Pierce Malone and Willard Proctor, Jr., and for her complaint against Defendants Rock Region Metropolitan Transit Authority, Justin Avery, Becca Green, Gwen Armbrust, And Stephen Smith, states as follows:

### JURISDICTION AND VENUE

1. This suit is instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Opportunity Act of 1972, 42 U.S.C. §2000e et seq, and the Civil Rights Act of 1991. Relief is sought pursuant to this act as well as 42 U.S.C. §1981, 42 U.S.C. § 1983, and 42 U.S.C. §1988 and all statutes mandating punitive, compensatory, liquidated and declarative damages.

**EXHIBIT A**

2. Relief is also sought under the Arkansas Civil Rights Act, common law for wrongful termination, and the Americans with Disabilities Act.
3. Venue is proper in this Court as this is where the Plaintiff resides and where the facility at issue is located and the actions complained of herein took place.
4. Plaintiff has exhausted all administrative remedies and has filed a timely complaint with the Equal Employment Opportunity Commission (EEOC) and has received a Notice of Right to Sue.

## **PARTIES**

5. Plaintiff, Lois Pittman ("Ms. Pittman"), is a sixty-two-year-old African American female and resident of Saline County, Arkansas.
6. Defendant Rock Region METRO is the central Arkansas public transit system carrying more than 2 million passenger trips per year in the cities of Little Rock, North Little Rock, Sherwood, Conway and in Pulaski County. It comprises five branches: METRO Local, a fixed-route bus service serving Pulaski County; METRO Streetcar, a rail system operating in Little Rock and North Little Rock; METRO Links paratransit service;

METRO Connect on-demand ride-sharing service; and METRO Pool jobs-access vanpool service.

7. Defendant Justin Avery is the Chief Executive Officer of Rock Region METRO, a Caucasian male of full age and majority, and is believed to be a resident of Pulaski County, Arkansas. He is sued in both his individual and official capacities.

8. Defendant Becca Green is the Chief Planning and Communications Officer and Record Requests Officer of Rock Region METRO, a Caucasian female of full age and majority, and is believed to be a resident of Pulaski County, Arkansas. She is sued in both her individual and official capacities.

9. Defendant Gwen Armbrust is the Director of Human Resources of Rock Region METRO, a Caucasian female of full age and majority, and is believed to be a resident of Pulaski County, Arkansas. She is sued in both her individual and official capacities.

10. Defendant Stephen Smith is the Director of Safety and Security of Rock Region METRO, a Caucasian male of full age and majority, and is believed to be a resident of Pulaski County, Arkansas. He is sued in both his individual and official capacities.

**FACTUAL ALLEGATIONS**

11. Plaintiff Lois Pittman is an accomplished and creative executive leader possessing extensive experience in multi-modal operations, including light rail, rapid transit (third rail system), commuter rail, class I freight, bus operations, paratransit, equipment, and facilities maintenance.

12. Plaintiff has extensive experience in contract management, budget development, and fiscal responsibility, with acuity in revitalizing operational processes, continuous process improvement, initiating safety campaigns, and capturing untapped growth opportunities.

13. Plaintiff is an analytical and decisive leader and subject matter expert in transportation operations management, adept at creating and inspiring effective relationships with customers, peers, transit partners, and constituents.

14. Plaintiff has an extensive work history in the transportation industry, including positions at Chicago & Northwestern Transportation Company, Norfolk Southern Corp, Canadian National Railway, BNSF Railway, Chicago Transit Authority, South Florida Regional Transportation

Authority, RATPDEV/Sun Link, Indianapolis Public Transportation Corporation, and Detroit Department of Transportation.

15. Plaintiff was hired as Chief Operating Officer at Rock Region Metro on March 27, 2023.

16. During her employment, Plaintiff received two Merit Salary Increases and was heralded as a hard-working and resilient employee who was instrumental in the success of Rock Region Metro.

17. From the day Plaintiff was employed until March of 2025, she had no disciplinary infractions against her.

18. Throughout 2024, and more specifically, in March of 2024, Plaintiff made complaints to Defendant Gwen Armbrust, Director of Human Services, about discriminatory behavior against her by Defendant Becca Green.

19. Plaintiff requested a third party to investigate her complaints due to her concerns regarding the internal process currently in place at Rock Region Metro when addressing similar complaints.

20. Plaintiff complained of Defendant Green's behavior on March 26, 2024, and April 3, 2024, but to no avail, as no action was taken.

21. This discriminatory behavior culminated on October 24, 2024, when, while attending an Employee Recognition Ceremony, Defendant Green physically assaulted Plaintiff by pushing her at the event.
22. Following the assault, Plaintiff began treating for mental health issues on or about November 5, 2025.
23. Plaintiff reported the assault to Defendant Armbrust, but no action was taken.
24. Around the same time, in October of 2024, Plaintiff was informed of an incident involving two separate employees, where one of the employees called the other a racial slur.
25. Plaintiff suggested that the employee report this to Human Resources, and Plaintiff reported the incident as well.
26. Plaintiff was later interviewed by Human Resources regarding this incident.
27. On March 1, 2025, Plaintiff was driving a company vehicle when another driver ran a stop sign, striking the vehicle that Plaintiff was in.
28. Plaintiff followed company protocols and procedures and reported the accident to Defendant Avery through Marquita Foster.

29. Although fault was not determined, an officer interviewed a witness, who stated that Plaintiff was not at fault.

30. On or about March 20, 2025, Defendant Smith questioned Marquita Foster, Plaintiff's subordinate, about the accident, and made slanderous statements to Foster about Plaintiff pressuring Foster to be untruthful in answering his questions regarding the accident.

31. On or about March 13, 2025, Plaintiff provided a letter from her mental health counselor to Defendant Armbrust requesting accommodations for her mental health.

32. Instead, around that same time, Plaintiff was interviewed concerning the incident that occurred between the two employees back in October of 2024 where one employee hurled a racial slur at another one.

33. Plaintiff was subsequently, in a retaliatory fashion, written up by Defendant Avery for not being forthcoming in her interview concerning the events involving the two employees.

34. On or about May 1, 2025, Plaintiff filed a complaint with EEOC for racial discrimination and retaliation.

35. On May 30, 2025, an independent investigation was conducted by Attorney Kitty Cone at the behest of Rock Region Metro.

36. On June 17, 2025, following the independent investigation, and in retaliation to filing her complaint with EEOC, Plaintiff was terminated by Justin Avery for allegedly failing to report the car accident she was involved in on March 1, 2025, among other false accusations and pretextual reasons.

## CAUSES OF ACTION

### COUNT I - RACE DISCRIMINATION IN VIOLATION OF TITLE VII AND 42 U.S.C. § 1981

37. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
38. Plaintiff, an African American female, is a member of a protected class.
39. Plaintiff was qualified for her position and performed her job duties satisfactorily, as evidenced by her merit salary increases and lack of disciplinary infractions until March 2025.
40. Plaintiff was subjected to adverse employment actions, including but not limited to, harassment, unwarranted disciplinary actions, and termination.
41. Similarly situated non-African American employees were treated more favorably than Plaintiff.
42. Defendants' actions constitute unlawful discrimination based on race in violation of Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981.

## COUNT II - RETALIATION IN VIOLATION OF TITLE VII AND 42 U.S.C. § 1981

43. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

44. Plaintiff engaged in protected activity by complaining about racial discrimination to Human Resources, reporting the assault by Defendant Green, and filing a complaint with the EEOC.

45. As a result of Plaintiff's protected activities, Defendants took adverse employment actions against her, including but not limited to, false disciplinary actions and termination.

46. There is a causal connection between Plaintiff's protected activities and the adverse employment actions taken against her.

47. Defendants' actions constitute unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981.

## COUNT III - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

48. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

49. Plaintiff has a disability as defined by the Americans with Disabilities Act, as evidenced by her need for mental health treatment following the March 1, 2025 accident.

50. Plaintiff was qualified for her position with or without reasonable accommodations.

51. Plaintiff requested reasonable accommodations for her disability through proper channels.

52. Defendants failed to provide reasonable accommodations and instead retaliated against Plaintiff for requesting accommodations.

53. Defendants' actions constitute discrimination and retaliation based on disability in violation of the Americans with Disabilities Act.

## COUNT IV - VIOLATION OF THE ARKANSAS CIVIL RIGHTS ACT

53. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

54. Defendants' discriminatory and retaliatory conduct also violates the Arkansas Civil Rights Act, which prohibits

discrimination and retaliation based on race and disability.

55. Defendants' actions were willful, malicious, and in reckless disregard of Plaintiff's rights under Arkansas law.

## COUNT V - WRONGFUL TERMINATION

56. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
57. Defendants terminated Plaintiff's employment based on false accusations and pretextual reasons.
58. The true reasons for Plaintiff's termination were her race and in retaliation for her protected activities.
59. Defendants' actions constitute wrongful termination in violation of public policy and Arkansas common law.

## COUNT VI - ASSAULT (AGAINST DEFENDANT GREEN)

60. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
61. Defendant Green intentionally pushed Plaintiff during the Employee Recognition Ceremony on October 24, 2024.
62. Defendant Green's actions created a reasonable apprehension of imminent harmful contact in Plaintiff.
63. Defendant Green's actions constitute assault under Arkansas law.

### COUNT VII - BATTERY (AGAINST DEFENDANT GREEN)

64. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

65. Defendant Green intentionally and offensively touched Plaintiff by pushing her during the Employee Recognition Ceremony on October 24, 2024.

66. Defendant Green's actions constitute battery under Arkansas law.

### COUNT VIII - SLANDER (AGAINST DEFENDANT SMITH)

67. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

68. Defendant Smith made false and defamatory statements about Plaintiff to Marquita Foster, including accusations that Plaintiff pressured Foster to be untruthful.

69. Defendant Smith's statements were made with actual malice or with reckless disregard for their truth or falsity.

70. Defendant Smith's statements damaged Plaintiff's reputation and contributed to her termination.

71. Defendant Smith's actions constitute slander under Arkansas law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lois Pittman respectfully requests that this Court enter judgment in her favor and against Defendants, and award the following relief:

A. Back pay and benefits, including interest;

B. Compensatory damages for emotional distress, pain and suffering, humiliation, and damage to reputation;

C. Punitive damages in an amount sufficient to punish Defendants for their willful, wanton, and malicious conduct, and to deter similar conduct in the future;

D. Liquidated damages as allowed by law;

E. Reasonable attorneys' fees and costs;

F. Pre-judgment and post-judgment interest as allowed by law; and

G. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**Lois Pittman**
**Plaintiff**

Jacobi Pierce Malone

```
                              Attorney for Plaintiff
                              2500 South State Street
                              Little Rock, AR  72206
                              (501) 378-7720
                              (501) 325-4959 - Facsimile
                              Arkansas Bar No.:AR2023089
                              jmalone@wpjrlaw.com
```

## VERIFICATION

I, Lois Pittman, states under oath that I have read the foregoing pleading and that the facts stated in the pleading are true, correct and complete to the best of my knowledge and belief.

_____
(Signature)

SUBSCRIBED AND SWORN TO before me, a Notary Public, on this __31st__ day of July, 2025.

_____           __August 23, 2033__
NOTARY PUBLIC                                    My Commission Expires

**EMMA MALONE**
**PULASKI COUNTY**
**NOTARY PUBLIC – ARKANSAS**
My Commission Expires August 23, 2033
Commission No. 12724581