**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**LOIS PITTMAN** **PLAINTIFF**

**V.** **4:25CV01007 JM**

**ROCK REGION METROPOLITAN TRANSIT AUTHORITY; JUSTIN AVERY, in his individual and official capacity; BECCA GREEN, in her individual and official capacity; GWEN ARMBRUST, in her individual and official capacity; and STEPHEN SMITH, in his individual and official capacity** **DEFENDANTS**

**ORDER**

Pending is Defendants' motion to dismiss Plaintiff's first amended complaint. (Docket # 23). Plaintiff has filed a response and the motion is ripe for consideration.

Plaintiff filed her amended complaint on November 3, 2025 against her former employer Rock Region Metropolitan Transit Authority, (METRO), and some of its executives alleging race discrimination, retaliation and state-law wrongful termination, assault and battery. METRO argues that the complaint should be dismissed for several reasons: (1) the claims against Defendants Armbrust and Smith in their individual capacities should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure because Plaintiff failed to serve them properly; (2) the claims against each Defendant should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff failed to state a claim upon which relief may be granted; (3) all claims brought under § 1981 against Defendants Avery, Green, Armbrust, and Smith in their official capacities should be dismissed because they are redundant with the claims asserted against METRO; (4) to the extent Pittman brings claims under 42 U.S.C. § 1988, they should be dismissed because § 1988 does not provide an

independent cause of action; (5) to the extent Pittman brings claims under 42 U.S.C. § 1981 against METRO as an entity, they should be dismissed because Pittman has failed to plead a constitutional violation and failed to allege a policy or custom was violated pursuant to § 1983; (6) Plaintiff's 42 U.S.C. § 1981 claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Pittman has not pled sufficiently that, but for her race, she would not have suffered the loss of a legally protected right; (7) Pittman's claims against the named defendants in their individual capacity should be dismissed because she has failed to plead that any of the named defendants acted intentionally or with the purpose of engaging in unconstitutional discrimination, and (8) Pittman's assault and battery claims against Defendant Green should be dismissed because Pittman has failed to state a claim upon which relief may be granted.

Plaintiff concedes that she failed to properly serve Separate Defendants Smith and Armbrust and voluntarily dismisses those claims. Additionally, Plaintiff concedes that 42 U.S.C. §1988 does not provide an independent cause of action and seeks leave to amend to clarify that no independent cause of action is pled pursuant to section 1988.

METRO is a public corporation which provides the public transportation system for central Arkansas. *See* Arkansas's Public Transit System Act, Ark. Code Ann. § 14-334-101, *et seq.*; https://rrmetro.org/about. By statute, METRO is managed and controlled by a board of directors and is granted public corporation status. Ark Code Ann. § 14-334-104 and 107. A federal action to enforce rights under § 1981 against a state actor may only be brought pursuant to § 1983. *See Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 735(1989) ( Section 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor.")

Plaintiff's amended complaint fails to bring her section 1981 claims under section 1983 and makes no allegations of an official policy or widespread custom used, enforced or in existence that caused her injury. Plaintiff does not challenge that METRO is a state actor for section 1983 purposes but asks the Court to allow her to amend her complaint to include language pursuant to section 1983 and facts to support those claims. The Court will allow the amendment.

The official capacity claims against Separate Defendants Avery, Green, Armbrust and Smith in their official capacities are functionally equivalent to the municipal liability claim asserted against METRO. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). Accordingly, those claims are dismissed as duplicative of the claims against METRO.

METRO argues that the remainder of Plaintiff's claims: (1) for assault and battery; (2) claims against the named defendants in their individual capacities, and (3) claims pursuant to Section 1981 for race discrimination and retaliation, and for wrongful termination pursuant to Arkansas law should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

<u>Standard of Review</u>

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the...claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. 544, 555 (2007)). A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562. This standard "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id*. at 556. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim." *Twombly,* 550 U.S. at 556.

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the Court must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27(1989). The Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555.

Discussion

The Court finds that Plaintiff has stated a plausible claim for race based employment discrimination, retaliation, wrongful discharge, assault and battery.

Conclusion

For these reasons, Defendant's motion to dismiss (docket # 23) is GRANTED IN PART AND DENIED IN PART. The claims against Defendants Armbrust and Smith in their individual capacities are dismissed as are all claims which state an independent cause of action pursuant to section 1988. The official capacity claims against Avery, Green, Armbrust and Smith in their official capacities are dismissed as duplicative of the claims against METRO. Plaintiff's section 1981 race discrimination and retaliation claims against METRO and against

Avery and Green in their individual capacities, wrongful discharge claim against METRO and assault and battery claims against Green individually remain. Plaintiff is directed to file her amended complaint consistent with this Order within twenty days.

IT IS SO ORDERED this 10th day of September, 2026.

James M. Moody Jr.
United States District Judge